**HANNI M. FAKHOURY**
California Bar No. 252629
**CANDIS MITCHELL**
California Bar No. 242797
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
Hanni_Fakhoury@fd.org
Candis_Mitchell@fd.org

Attorneys for Mr. Cayetano-Camacho

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JANIS L. SAMMARTINO)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>**GUADENCIO CAYETANO-CAMACHO,**<br><br>Defendant. | CASE NO.: 07CR3267-JLS<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS |

**I.**

**<u>STATEMENT OF FACTS</u>**

On December 4, 2007, Mr. Cayetano-Camacho was indicted for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326.

**II.**

**<u>MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE</u>**

Mr. Cayetano-Camacho moves for production of the following discovery. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." *See United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989). Specifically, Mr. Cayetano-Camacho moves for the production of the following evidence:

//

1. **__Mr. Cayetano-Camacho's Statements__.** Mr. Cayetano-Camacho requests the government disclose any and all written, recorded and oral statements made by him, as well any written summaries of his oral statements contained in the handwritten notes of any Government agent. Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal __all__ of Mr. Cayetano-Camacho's statements, whether written or oral, regardless of whether the Government intends to make any use of those statements. **Mr. Cayetano-Camacho specifically requests all audio and videotaped copies of his statements and any rough notes taken pertaining to the substance of his statements. Mr. Cayetano-Camacho requests that the government provide him with a court-certified transcript of the compact disc depicting Mr. Cayetano-Camacho's post-arrest interrogation by the agents.**

2. **__Arrest Reports, Notes and Dispatch Tapes__.** Mr. Cayetano-Camacho requests the Government to turn over all arrest reports, notes, dispatch or any other tapes and TECS records that relate to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Mr. Cayetano-Camacho or any other discoverable material is contained. Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) and *Brady v. Maryland*, 373 U.S. 83 (1963). The Government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Mr. Cayetano-Camacho. *See* Fed. R. Crim. P. 16(a)(1)(B) and (c), Fed. R. Crim. P. 12(i) and 26.2.

3. **__Mr. Cayetano-Camacho's "A-File__." Mr. Cayetano-Camacho requests an opportunity for his attorney and/or a defense investigator to inspect and copy the entire contents of his immigration "A-File" at a time mutually convenient to both parties.**

4. **__*Brady* Material__**. Mr. Cayetano-Camacho requests all documents, statements, agents' reports, and tangible evidence favorable to Mr. Cayetano-Camacho on the issue of guilt and/or which affects the credibility of the Government's witnesses and the Government's case. Under *Brady*, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976). Further, *Brady* requires the

//

government disclose any information that may result in a lower sentence under the sentencing guidelines, notwithstanding its advisory nature, because it is exculpatory and/or mitigating evidence.

5. **Mr. Cayetano-Camacho's Prior Record.** Mr. Cayetano-Camacho requests disclosure of his prior criminal record. Fed. R. Crim. P. 16(a)(1)(B).

6. **Any Proposed 404(b) Evidence.** Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(c) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. Mr. Cayetano-Camacho requests the government "articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982) (emphasis added; internal citations omitted); *see also United States v. Brooke*, 4 F.3d 1480, 1483 (9th Cir. 1993) (reaffirming *Mehrmanesh* and reversing convictions). Mr. Cayetano-Camacho requests **three weeks notice before trial** to give the defense time to adequately investigate and prepare for trial.

7. **Evidence Seized.** Mr. Cayetano-Camacho requests production of evidence seized as a result of any search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(c).

8. **Request for Preservation of Evidence.** Mr. Cayetano-Camacho specifically requests the preservation of all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the Government and which relates to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to, the results of any fingerprint analysis, Mr. Cayetano-Camacho's personal effects, and any evidence seized from Mr. Cayetano-Camacho.

9. **Tangible Objects.** Mr. Cayetano-Camacho requests the opportunity to inspect, copy, and test, as necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, or copies of portions thereof, which are material to the defense, intended for use in the Government's case-in-chief, or were obtained from or belong to Mr. Cayetano-Camacho. Fed. R. Crim. P. 16(a)(1)(c). **Specifically, Mr. Cayetano-Camacho requests copies of the audio tapes of his alleged prior deportations or removals.**

//

10. **<u>Expert Witnesses</u>.** Mr. Cayetano-Camacho requests the name, qualifications, and a written summary of the testimony of any person that the Government intends to call as an expert witness during its case in chief. Fed. R. Crim. P. 16(a)(1)(E). The defense requests the notice of expert testimony be provided a minimum of two weeks prior to trial so the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions, credentials of the Government's expert and a hearing in advance of trial to determine the admissibility of qualifications of any expert. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999) (trial judge is "gatekeeper" and must determine, reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings").

11. **<u>Scientific and Other Information</u>.** Mr. Cayetano-Camacho requests the results of any scientific or other tests or examinations conducted by any Government agency or their subcontractors in connection with this case. <u>See</u> Fed. R. Crim. P. 16(a)(1)(D).

12. **<u>*Henthorn* Material</u>.** Mr. Cayetano-Camacho requests that the Assistant United States Attorney ("AUSA") assigned to this case oversee (not personally conduct) a review of all personnel files of each agent involved in the present case for impeachment material. *See Kyles v. Whitley*, 514 U.S. 419 (1995) (holding that "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the Government's behalf in the case, including the police"); *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991); *United States v. Jennings*, 960 F.2d 1488 (9th Cir. 1992) (AUSA may not be ordered to personally conduct examination of records; appropriate Government agency may review files and notify AUSA of contents as long as AUSA makes the determination regarding material to be disclosed); *United States v. Herring*, 83 F.3d 1120 (9th Cir. 1996) (accord).

13. **<u>Evidence of Bias or Motive to Lie</u>.** Mr. Cayetano-Camacho requests any evidence that any prospective Government witness is biased or prejudiced against Mr. Cayetano-Camacho, or has a motive to falsify or distort his or her testimony.

14. **<u>Impeachment Evidence</u>.** Mr. Cayetano-Camacho requests any evidence that any prospective Government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to Mr. Cayetano-Camacho. <u>*See*</u> Fed. R. Evid. 608, 609 and 613; *Brady v. Maryland*, 373 U.S. 83 (1963).

15. **Evidence of Criminal Investigation of Any Government Witness.** Mr.Cayetano-Camacho requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

16. **Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling.** Mr. Cayetano-Camacho requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substances, or has ever been an alcoholic.

17. **Witness Addresses.** Mr. Cayetano-Camacho requests the name and last known address of each prospective Government witness. Mr. Cayetano-Camacho also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a Government witness.

18. **Name of Witnesses Favorable to Mr. Cayetano-Camacho.** Mr. Cayetano-Camacho requests the name of any witness who made an arguably favorable statement concerning Mr. Cayetano-Camacho or who could not identify him or who was unsure of his identity, or participation in the crime charged.

19. **Statements Relevant to the Defense.** Mr. Cayetano-Camacho requests disclosure of any statement relevant to any possible defense or contention that he might assert in his defense.

20. ***Giglio* Information & Agreements Between the Government and Witnesses.** Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), Mr. Cayetano-Camacho requests all statements and/or promises, express or implied, made to any witness, in exchange for their testimony in this case, and all other information which could be used for impeachment. Mr. Cayetano-Camacho also requests discovery regarding any other express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement, promise, or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective Government witness and the Government (federal, state and/or local). This request also includes any discussion with a potential witness about or advice concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed, and specifically includes any discussion with a potential witness regarding that witness' immigration status and/or any affect that the

witness' statements or lack thereof might have on that status, including the granting or revoking of such immigration status or any other immigration status, including but not limited to citizenship, nationality, a green card, border crossing card, parole letter, or permission to remain in the United States.

21. **Informants and Cooperating Witnesses.** Mr. Cayetano-Camacho requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Mr. Cayetano-Camacho. The Government must disclose the informant's identity and location, as well as the existence of any other percipient witness unknown or unknowable to the defense. *Roviaro v. United States*, 353 U.S. 53, 61-62 (1957). The Government must disclose any information derived from informants which exculpates or tends to exculpate Mr. Cayetano-Camacho. *Brady v. Maryland*, 373 U.S. 83 (1963)

22. **Bias by Informants or Cooperating Witnesses.** Mr.Cayetano-Camacho requests disclosure of any information indicating bias on the part of any informant or cooperating witness. *Giglio v. United States*, 405 U.S. 150 (1972). Such information includes, but is not limited to, any inducements, favors, payments or threats that were made to the witness in order to secure cooperation with the authorities.

23. **Jencks Act Material.** Mr. Cayetano-Camacho requests production in advance of trial of all material, including dispatch tapes, which the Government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500. Advance production will avoid the possibility of delay at trial to allow Mr. Cayetano-Camacho to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1). *Campbell v. United States*, 373 U.S. 487, 490-92 (1963); *see United States v. Boshell*, 952 F.2d 1101 (9th Cir. 1991) (agent's interview notes reviewed with interviewee subject to Jencks Act).

24. **Residual Request.** Mr. Cayetano-Camacho intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Mr. Cayetano-Camacho requests that the Government provide him and his attorney with the above requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

///

## III.

## THIS COURT SHOULD DISMISS THE INDICTMENT FOR ITS FAILURE TO ALLEGE ESSENTIAL ELEMENTS OF THE OFFENSE

The indictment charges Mr. Cayetano-Camacho with being a previously-deported alien found in the United States in violation of 8 U.S.C. § 1326. Yet the indictment fails to allege all of the elements necessary to convict Mr. Cayetano-Camacho of violating 8 U.S.C. § 1326. Specifically, the indictment fails to allege that Mr. Cayetano-Camacho (1) knew he was in the United States; (2) failed to undergo inspection and admission by an immigration officer at the nearest inspection point; and (3) voluntarily entered the United States. Since it fails to allege all the elements of the offense, it must be dismissed. *See e.g., Nyrienda v. I.N.S.*, 279 F.3d 620 (8th Cir. 2002) (setting forth the components of an entry under immigration law); *see also United States v. Pernillo-Fuentes*, 252 F.3d 1030 (9th Cir. 2001); *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999).

However, since these issues were decided against Mr. Cayetano-Camacho in *United States v. Rivera-Sillas*, 376 F.3d 887 (9th Cir. 2004), they are not briefed in this motion, but are raised to preserve them for further appeal. Mr. Cayetano-Camacho is willing to submit further briefing on these issues to this Court if so ordered.

## IV.

## MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

***Defense counsel has received no discovery in this case.*** As more information comes to light, due to the Government providing additional discovery in response to these motions or an order of this Court, the defense may find it necessary to file further motions. It is, therefore, requested that defense counsel be allowed the opportunity to file further motions based upon information gained through the discovery process.

///

///

///

///

///

///

**V.**

**CONCLUSION**

For the foregoing reasons, Mr. Cayetano-Camacho respectfully requests that the Court grant the above motions.

Respectfully submitted,

Dated: December 12, 2007

*s/ Hanni M. Fakhoury*
**HANNI M. FAKHOURY**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Cayetano-Camacho