KAREN P. HEWITT
United States Attorney
STEVEN DE SALVO
Assistant U.S. Attorney
California State Bar No. 199904
steven.desalvo@usdoj.gov
United States Office Building
880 Front Street, Room 6293
San Diego, California 92101
Telephone: (619) 557-7032

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GUARDENCIO CAYETANO-CAMACHO,<br><br>Defendant. | Criminal Case No. 07CR3267-JLS<br><br>DATE: January 11, 2008<br>TIME: 1:30 p.m.<br><br>GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR DISCOVERY<br><br>TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES AND GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY AND FINGERPRINT EXEMPLARS |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Steven De Salvo, Assistant United States Attorney, and hereby files its response and opposition to discovery motions filed by defendant GUADENCIO CAYETANO-CAMACHO. Said response is based upon this response and opposition, the files and records of the case, argument and Government's motion for reciprocal discovery.

## I.

## STATEMENT OF FACTS

On November 18, 2007, Guadencio Cayetano-Camacho ("Defendant") was apprehended approximately 2 miles north of the International Border with Mexico, approximately 7 miles west of the Tecate Port of Entry. He was one of four persons observed by a Border Patrol Agent walking northward through Marron Valley, near the Bee/Cottonwood Canyon split. Defendant admitted to being a citizen of Mexico who was illegally present in the United States. After Defendant's fingerprints were taken and examined, it was determined that Defendant was, in fact, not a United States citizen and that he had previously been deported to Mexico on July 13, 2007, through San Ysidro. Prior to his deportation, Defendant was convicted on March 28, 2007, of Lewd and Lascivious Act with a Child Under 14, in violation of California Penal Code Section 288(a), for which he was sentenced to one year in prison.

## II.

## POINTS AND AUTHORITIES

### A. STANDARD DISCOVERY REQUESTS

#### 1. The Government Will Disclose Information Subject To Disclosure Under Rule 16(a)(1)(A) and (B) Of The Federal Rules Of Criminal Procedure

The government will disclose defendant's statements subject to discovery under Fed. R. Crim. P. 16(a)(1)(A) (substance of defendant's oral statements *in response to government interrogation*) and 16(a)(1)(B) (defendant's relevant written or recorded statements, written records containing substance of defendant's oral statements *in response to government interrogation*, and defendant's grand jury testimony).

#### 2. The Government Will Comply With Rule 16(a)(1)(D)

The defendant will be provided with his or her own "rap" sheet and the government will produce any additional information it uncovers regarding defendant's criminal record. Any subsequent or prior similar acts of defendant that the government intends to introduce under Rule 404(b) of the Federal Rules of Evidence will be provided, along with any accompanying reports, at the reasonable time in advance of trial.

3. The Government Will Comply With Rule 16(a)(1)(E)

The government will permit defendant to inspect and copy or photograph all books, papers, documents, data, photographs, tangible objects, buildings or places, or portions thereof, that are material to the preparation of defendant's defense or are intended for use by the government as evidence-in-chief at trial or were obtained from or belong to defendant. This will include an inspection of Defendant's "A-File."

Reasonable efforts will be made to preserve relevant physical evidence which is in the custody and control of the investigating agency and the prosecution, with the following exceptions: drug evidence, with the exception of a representative sample, is routinely destroyed after 60 days, and vehicles are routinely and periodically sold at auction. Records of radio transmissions, if they existed, are frequently kept for only a short period of time and may no longer be available. Counsel should contact the Assistant assigned to the case two weeks before the scheduled trial date and the Assistant will make arrangements with the case agent for counsel to view all evidence within the government's possession..

5. The Government Will Comply With Rule 16(a)(1)(F)

The government will permit defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, that are within the possession of the government, and by the exercise of due diligence may become known to the attorney for the government and are material to the preparation of the defense or are intended for use by the government as evidence-in-chief at the trial. Counsel for defendant should contact the Assistant United States Attorney assigned to the case and the Assistant will make arrangements with the case agent for counsel to view all evidence within the government's possession.

6. The Government Will Comply With Its Obligations Under Brady v. Maryland

The government is well aware of and will fully perform its duty under Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Agurs, 427 U.S. 97 (1976) to disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment. Defendant, however, is not entitled to all evidence known or believed to exist that is, or may be, favorable to

the accused, or that pertains to the credibility of the government's case. As stated in United States v. Gardner, 611 F.2d 770 (9th Cir. 1980), it must be noted that:

> [T]he prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality.

611 F.2d at 774-775 (citations omitted). See also United States v. Sukumolachan, 610 F.2d 685, 687 (9th Cir. 1980) (the government is not required to create exculpatory material that does not exist); United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976) (Brady does not create any pretrial privileges not contained in the Federal Rules of Criminal Procedure).

7. Discovery Regarding Government Witnesses

a. Agreements. The Government will disclose the terms of any agreements by Government agents, employees or attorneys with witnesses that testify at trial. Such information will be provided at the time of the filing of the Government's trial memorandum.[1/] The Government will comply with its obligations to disclose impeachment evidence under Giglio v. United States, 405 U.S. 150 (1972).

b. Bias or Prejudice. The Government will provide information related to the bias, prejudice or other motivation to lie of Government trial witnesses as required in Napue v. Illinois, 360 U.S. 264 (1959).

c. Criminal Convictions. The Government has produced or will produce any criminal convictions of Government witnesses plus any material criminal acts which did not result in conviction. The Government is not aware that any prospective witness is under criminal investigation.

d. Ability to Perceive. The government will produce in discovery any evidence that the ability of a government trial witness to perceive, communicate or tell the truth is impaired or that such witnesses have ever used narcotics or other controlled substances, or are alcoholics.

---

[1] As with all other offers by the Government to produce discovery earlier than it is required to do, the offer is made without prejudice. If, as trial approaches, the Government is not prepared to make early discovery production, or if there is a strategic reason not to do so as to certain discovery, the Government reserves the right to withhold the requested material until the time it is required to be produced pursuant to discovery laws and rules.

e. Witness List. The Government will endeavor to provide the defendant with a list of all witnesses which it intends to call in its case-in-chief at the time the Government's trial memorandum is filed, although delivery of such a list is not required. See United States v. Dischner, 960 F.2d 870 (9th Cir. 1992); United States v. Culter, 806 F.2d 933, 936 (9th Cir. 1986); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987). Defendant, however, is not entitled to the production of addresses or phone numbers of possible Government witnesses. See United States v. Thompson, 493 F.2d 305, 309 (9th Cir. 1977), cert. denied, 419 U.S. 834 (1974). The defendant has already received access to the names of potential witnesses in this case in the investigative reports previously provided to him.

f. Witnesses Not to Be Called. The Government is not required to disclose all evidence it has or to make an accounting to the defendant of the investigative work it has performed. Moore v. Illinois, 408 U.S. 786, 795 (1972); see United States v. Gardner, 611 F.2d 770, 774-775 (9th Cir. 1980). Accordingly, the Government objects to defendant's request for discovery concerning any individuals whom the Government does not intend to call as witnesses.

g. Favorable Statements. The Government has disclosed or will disclose the names of witnesses, if any, who have made favorable statements concerning the defendant which meet the requirements of Brady.

h. Review of Personnel Files. The Government has requested a review of the personnel files of all federal law enforcement individuals who will be called as witnesses in this case for Brady material. The Government has requested that counsel for the appropriate federal law enforcement agency conduct such review. United States v. Herring, 83 F.3d 1120 (9th Cir. 1996); see, also, United States v. Jennings, 960 F.2d 1488, 1492 (9th Cir. 1992); United States v. Dominguez-Villa, 954 F.2d 562 (9th Cir. 1992).

Pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) and United States v. Cadet, 727 F.2d 1452 (9th Cir. 1984), the United States agrees to "disclose information favorable to the defense that meets the appropriate standard of materiality . . ." United States v. Cadet, 727 F.2d at 1467, 1468. Further, if counsel for the United States is uncertain about the materiality of

the information within its possession in such personnel files, the information will be submitted to the Court for in camera inspection and review.

i. Government Witness Statements. Production of witness statements is governed by the Jencks Act (Title 18, United States Code, Section 3500) and need occur only after the witness testifies on direct examination. United States v. Taylor , 802 F.2d 1108, 1118 (9th Cir. 1986); United States v. Mills, 641 F.2d 785, 790 (9th Cir. 1981)). Indeed, even material believed to be exculpatory and therefore subject to disclosure under the Brady doctrine, if contained in a witness statement subject to the Jencks Act, need not be revealed until such time as the witness statement is disclosed under the Act. See United States v. Bernard, 623 F.2d 551, 556-57 (9th Cir. 1979).

The government reserves the right to withhold the statements of any particular witnesses it deems necessary until after the witness testifies. Otherwise, the government will disclose the statements of witnesses at the time of the filing of the government's trial memorandum before trial, provided that defense counsel has complied with defendant’s obligations under Federal Rules of Criminal Procedure 12.1, 12.2, and 16 and 26.2 and provided that defense counsel turn over all "reverse Jencks" statements at that time.

8. The Government Objects To The Full Production Of Agents' Handwritten Notes At This Time

Although the government has no objection to the preservation of agents' handwritten notes, it objects to requests for full production for immediate examination and inspection. If certain rough notes become relevant during any evidentiary proceeding, those notes will be made available.

Prior production of these notes is not necessary because they are not "statements" within the meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a witness' assertions and they have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-607 (9th Cir. 1980); see also United States v. Griffin, 659 F.2d 932, 936-938 (9th Cir. 1981).

9. All Investigatory Notes and Arrest Reports

The government objects to the defendant's request for production of all arrest reports, investigator's notes, memos from arresting officers, and prosecution reports pertaining to the defendant. Such reports, except to the extent that they include Brady material or the statements of

defendant, are protected from discovery by Rule 16(a)(2) as "reports . . . made by . . . Government agents in connection with the investigation or prosecution of the case."

Although agents' reports have already been produced to the defense, the government is not required to produce such reports, except to the extent they contain Brady or other such material. Furthermore, the government is not required to disclose all evidence it has or to render an accounting to defendant of the investigative work it has performed. Moore v. Illinois, 408 U.S. 786, 795 (1972); see United States v. Gardner, 611 F.2d 770, 774-775 (9th Cir. 1980).

10. Expert Witnesses.

Pursuant to Fed. R. Crim. P. 16(a)(1)(G), at or about the time of filing its trial memorandum, the Government will provide the defense with notice of any expert witnesses the testimony of whom the Government intends to use under Rules 702, 703, or 705 of the Fed. R. of Evidence in its case-in-chief. Such notice will describe the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications. Reciprocally, the Government requests that the defense provide notice of its expert witnesses pursuant to Fed. R. Crim. P. 16(b)(1)(C).

11. Information Which May Result in Lower Sentence.

Defendant claims that the Government must disclose information about any cooperation or any attempted cooperation with the Government as well as any other information affecting defendant's sentencing guidelines because such information is discoverable under Brady v. Maryland. The Government respectfully contends that it has no such disclosure obligations under Brady.

The Government is not obliged under Brady to furnish a defendant with information which he already knows. United States v. Taylor, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986), cert. denied, 479 U.S. 1094 (1987); United States v. Prior, 546 F.2d 1254, 1259 (5th Cir. 1977). Brady is a rule of disclosure. There can be no violation of Brady if the evidence is already known to the defendant.

Assuming that defendant did not already possess the information about factors which might affect their respective guideline ranges, the Government would not be required to provide information bearing on defendant's mitigation of punishment until after defendant's conviction or plea of guilty and prior to his sentencing date. "No [Brady] violation occurs if the evidence is

disclosed to the defendant at a time when the disclosure remains of value." United States v. Juvenile Male, 864 F.2d 641 (9th Cir. 1988).

## III

## RECIPROCAL DISCOVERY

The Government hereby requests the defendant to deliver all material to which the Government may be entitled under Fed. R. Crim. P. 16(b) and 26.2.

## IV

## THE UNITED STATES'S MOTION FOR FINGERPRINT EXEMPLARS SHOULD BE GRANTED

Part of the United States' burden of proof in this case is to satisfy the jury that the Defendant is the same individual who was deported from the United States to Mexico. To make that showing, the United States will call an expert in fingerprint identification to testify that the Defendant is in fact the individual whose fingerprints appear on the warrant of deportation. The most efficient and conclusive manner of establishing this information is to permit the expert witness himself to take a set of Defendant's fingerprints for comparison.

Defendant's fingerprints are not testimonial evidence. See Schmerber v. California, 384 U.S. 757 (1966). Using identifying physical characteristics, such as fingerprints, does not violate Defendant's Fifth Amendment right against self-incrimination. See United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969); Woods v. United States, 397 F.2d 156 (9th Cir. 1968). The United States therefore respectfully requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert.

## V

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the defendant's motions, except where not opposed, be denied.

//

//

//

DATED: December 20, 2007

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ Steven De Salvo

STEVEN DE SALVO
Assistant U.S. Attorney
Jill.Burkhardt@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>GUARDENCIO CAYETANO-CAMACHO,<br>Defendant. | Case No. 07CR3267-JLS<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, STEVEN DESALVO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR DISCOVERYon the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**Hanni Meena Fakhoury**
Federal Defenders of San Diego, Inc.
225 Broadway
Suite 900
San Diego, CA 92101
(619) 234-8467
Fax: (619)687-2666
Email: hanni_fakhoury@fd.org

**Candis Lea Mitchell**
Federal Defenders of San Diego
225 Broadway
Suite 900
San Diego, CA 92101-5008
(619)234-8467
Fax: (619)687-2666
Email: candis_mitchell@fd.org

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 20, 2007

s/ Steven De Salvo
STEVEN DE SALVO