KAREN P. HEWITT
United States Attorney
STEVEN DE SALVO
Assistant U.S. Attorney
California State Bar No. 199904
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7032

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GUADENCIO CAYETANO-CAMACHO,<br><br>Defendant. | Criminal Case No. 07CR3267-JLS<br><br>DATE: March 21, 2008<br>TIME: 1:30 p.m.<br>Honorable Janis L. Sammartino<br><br>GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANTS MOTIONS TO<br><br>(1) DISMISS INDICTMENT DUE TO INVALID DEPORTATION<br>(2) DISMISS THE INDICTMENT FOR FAILURE TO ALLEGE A SPECIFIC, POST-CONVICTION DATE OF REMOVAL<br>(3) SUPPRESS STATEMENTS AND CONDUCT A VOLUNTARINESS HEARING<br>(4) CONDUCT A DAUBERT HEARING WITH RESPECT TO FINGERPRINT EVIDENCE<br>(5) CONDUCT A DAUBERT HEARING WITH RESPECT TO A-FILE TESTIMONY; AND<br>(6) GRANT LEAVE TO FILE FURTHER MOTIONS<br><br>TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Steven De Salvo, Assistant U.S. Attorney, and hereby files its Response and Opposition to the Defendant's Motion to Dismiss Indictment in the above-referenced

case. Said motions are based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

**STATEMENT OF THE CASE**

Defendant Guadencio Cayetano-Camacho ("Defendant") was indicted by a grand jury on December 4, 2007, and charged with being a deported alien found in the United States in violation of 8 U.S.C. § 1326. The Indictment includes a special allegation that Defendant was deported, removed, and excluded after March 28, 2007.

**II**

**STATEMENT OF FACTS**

On November 18, 2007, Guadencio Cayetano-Camacho ("Defendant") was apprehended approximately 2 miles north of the International Border with Mexico, approximately 7 miles west of the Tecate Port of Entry. He was one of four persons observed by a Border Patrol Agent walking northward through Marron Valley, near the Bee/Cottonwood Canyon split. Defendant admitted to being a citizen of Mexico who was illegally present in the United States. After Defendant's fingerprints were taken and examined, it was determined that Defendant was, in fact, not a United States citizen and that he had previously been deported to Mexico on July 13, 2007, through San Ysidro. Prior to his deportation, Defendant was convicted on March 28, 2007, of Lewd and Lascivious Act with a Child Under 14, in violation of California Penal Code Section 288(a), for which he was sentenced to one year in prison.

**III**

**POINTS AND AUTHORITIES**

**A. DEFENDANT HAS FAILED TO ESTABLISH THAT PRIOR DEPORTATIONS WERE INVALID**

Defendant argues that his deportations in 1989 and 2007 were invalid. He asserts this claim based purely on two grounds: (1) on speculation that the Immigration Judge (IJ) did not properly obtain a waiver of his right to an administrative appeal at either deportation proceeding, and (2) on speculation that the IJ did not properly advise him of his right to discretionary relief at either deportation proceeding. Because Defendant has not produced any evidence in support of either claim, the Court should deny the motion. However, even if Defendant were to produce evidence in support of his claims, Defendant has

failed to satisfy the requirements of Section 1326(d).

Section 1326(d) establishes a three-part test that an alien must meet in order to attack collaterally the validity of a deportation order relied upon in a criminal prosecution. An alien must show that

1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;

2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and

3) the entry of the order was fundamentally unfair.

Defendant argues that he is exempt from the exhaustion requirement because his waiver of his right to appeal did not comport with due process. Again, this argument depends on a claim unsupported by any documentary evidence or declaration. Moreover, even if Defendant can show that he is exempt from the exhaustion requirement and was denied an opportunity to seek judicial review, Defendant cannot satisfy the third prong of 8 U.S.C. § 1326(d): that the entry of the deportation order was fundamentally unfair. This Court can "determine that the removal order was 'fundamentally unfair' under Section 1326(d)(3) and dismiss the indictment only if [Defendant] can show that he suffered prejudice as a result." Pallares-Gallan, 359 F.3d at 1103 (citing United States v. Leon-Paz, 340 F.3d 1003, 1007 (9th Cir. 2003)); Zarate-Martinez, 133 F.3d at 1199 (finding alien who was not eligible for relief from removal under Section 240A suffered no prejudice even though his appellate waiver was defective).

An alien bears the burden of proving prejudice. See United States v. Proa-Tovar, 975 F.3d 592, 595 (9th Cir. 1992) (en banc) ("A defendant who seeks to exclude evidence of a deportation order in a prosecution under 8 U.S.C. § 1326 must do more than demonstrate deprivation of the right to a direct appeal from that order. The defendant also bears the burden of proving prejudice."); see also United States v. Arrieta, 224 F.3d 1076, 1079 (9th Cir. 2000). To show prejudice, the alien must demonstrate that he had "plausible grounds for relief from deportation." United States v. Arce-Hernandez, 163 F.3d 559, 563 (9th Cir. 1998). It is not enough to show that a procedural requirement was not complied with, or that an alien would have availed himself of missing procedural protections; the alien must "produce some concrete evidence indicating that the violation of a procedural protection actually had the potential

for affecting the outcome of his or her deportation proceedings." United States v. Cerda-Pena, 799 F.2d 1374, 1379 (9th Cir. 1986); see also United States v. Alvarado-Delgado, 98 F.3d 492, 493 (9th Cir. 1996).

Defendant has asserted no claim of prejudice in this case. And he cannot, as a matter of law, establish prejudice in this case. This is true even if he establishes that he was eligible for voluntary departure but not properly advised of his eligibility. The reason is because he is an aggravated felon – he was convicted on March 28, 2007 of Lewd and Lascivious Acts with A Child Under 14, in violation of California Penal Code Secton 288. Accordingly, he cannot establish prejudice because, as an aggravated felon, he was not eligible for voluntary departure at his 2007 deoprtation proceeding. Under the plain language of Section 1229c(a)(1), which describes general conditions for voluntary departure, "The Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense under this subsection, in lieu of being subject to proceedings under Section 1229a of this title or prior to the completion of such proceedings, *if the alien is not deportable under section 1227(a)(2)(A)(iii)* . . . ." 8 U.S.C. § 1229c(a)(1). Section 1227(a)(2)(A)(iii) declares, "Any alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). Thus, an aggravated felon is not eligible for voluntary departure.

Defendant appears to implicitly concede that an aggravated felon is ineligible for voluntary departure, but nevertheless argues that somehow that rule is inapplicable here because his 2007 Warrant of Removal never alleged that he was "deportable" as an aggravated felon. His argument is without merit. There is no requirement in the statute that a Warrant of Removal expressly allege that he is "deportable" and Defendant cites no such authority. For the purposes of this Court's analysis as to whether Defendant can establish prejudice, all that matters is that Defendant is an aggravated felon and, thus, under the statute, he is *ineligible* for voluntary departure or any other discretionary relief. Thus, he cannot establish prejudice as a result of the immigration court's alleged procedural errors.

**B. THE INDICTMENT NEED NOT ALLEGE THE DATE OF REMOVAL**

Relying on the Ninth Circuit's recent decision in United States v. Salazar-Lopez, 506 F.3d 748, 749-750 (9th Cir. Oct. 24, 2007), Defendant argues that the indictment must be dismissed because "the indictment fails to allege that [Defendant] had been on a specific, post conviction date." [Def.'s Mot.

4.] Not only is Defendant mistaken, but Salazar-Lopez approves of the language that is found in the indictment against this Defendant. Specifically, the Ninth Circuit stated that "the date of the removal, or at least the fact that [Defendant] had been removed *after* his conviction, should have been alleged in the indictment and proved to the jury." Salazar-Lopez,506 F.3d at 752 (emphasis added). The indictment addressed by the Ninth Circuit in Salazar-Lopez did not have the requisite language, and therefore the Court performed a harmless error analysis. Id. at 752-754. Here, however, the indictment expressly states: "It is further alleged that defendant, JUAN MARTINEZ-PERALTA, was removed from the United States subsequent to March 9, 2004." Because only this language is required by the Ninth Circuit, Defendant's motion must be denied.

### C. DEFENDANT'S FIELD STATEMENTS WERE NOT TAKEN IN VIOLATION OF *MIRANDA*

Defendant claims that his field statements must be suppressed because his brief detention near the border was "custodial" in nature, triggering the requirement of a Miranda warning. This argument is without merit. "A defendant is in custody when, based upon a review of all the pertinent facts, a reasonable innocent person in such circumstances would conclude that after brief questioning he or she would not be free to leave." United States v. Wauneka, 770 F.2d 1434, 1438 (9th Cir. 1985) (internal quotations omitted and emphasis added); see also United States v. Bravo, 295 F.3d 1002 (9th Cir. 2002), cert. denied, 123 S. Ct. 1775 (2003). Specifically, courts must determine "whether there was a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." Stansbury v. California, 511 U.S. 318, 322 (1994) (per curiam). This Court announced five factors that are relevant:

> Factors relevant to whether an accused is "in custody" include the following: (1) the language used to summon the individual; (2) the extent to which the defendant is confronted with evidence of guilt; (3) the physical surroundings of the interrogation; (4) the duration of the detention; and (5) the degree of pressure applied to detain the individual.

United States v. Hayden, 260 F.3d 1062, 1066-67 (9th Cir. 2001) (citations and internal quotations omitted). If a person is merely subjected to a brief investigatory detention, he or she is not entitled to Miranda warnings. See, e.g., United States v. Woods, 720 F.2d 1022, 1029 ( 9th Cir. 1983).

Apprehensions near the border for the purpose of brief investigatory detentions are not custodial in nature. United States v. Galindo-Gallegos, 244 F.3d 728, 731 (9th Cir.), modified by 255 F.3d 1154

(9th Cir. 2001) (upholding admission of field statements without Miranda warning where Border Patrol agents asked a group of persons near the border what country they were from and whether they had a legal right to be in theUnited States).

Nor was the questioning "interrogatory" in nature sufficient to trigger Miranda. It is well settled that "[r]outine questioning by the Coast Guard or Customs officials is not the sort of custodial situation that normally triggers the Miranda requirement." United States v. Troise, 796 F.2d 310, 314 (9th Cir. 1986). While immigration questioning away from the border may trigger the need for Miranda, it was not triggered in this case, when Defendant was encountered in a remote area 2 miles north of the international border at night, in an area heavily trafficked by illegal aliens.

**D. DEFENDANT IS NOT ENTITLED TO EVIDENTIARY HEARING ON VOLUNTARINESS IN ABSENCE OF DECLARATION**

Defendant's request for an evidentiary hearing on the issue of voluntariness of his field admissions should be denied. Under Ninth Circuit and Southern District precedent, as well as a Southern District Local Rule, a Defendant is entitled to an evidentiary hearing on a motion to suppress on the basis of voluntariness only when the Defendant adduces specific facts sufficient to require the granting of Defendant's motion. United States v. Batiste, 868 F.2d 1089, 1093 (9th Cir. 1989) (where "defendant, in his motion to suppress, failed to dispute any material fact in the government's proffer, . . . . the district court was not required to hold an evidentiary hearing"); United States v. Moran-Garcia, 783 F. Supp. 1266, 1274 (S.D. Cal. 1991) (boilerplate motion containing indefinite and unsworn allegations was insufficient to require evidentiary hearing on defendant's motion to suppress statements); Crim. L.R. 47.1. Defendant has produced no such declaration.

Requiring a declaration from a defendant in no way compromises defendant's constitutional rights, as declarations in support of a motion to suppress cannot be used by the government at trial over a defendant's objection. Batiste, 868 F.2d at 1092 (proper to require declaration in support of Fourth Amendment motion to suppress ); Moran-Garcia, 783 F. Supp. at 1271-74 (extending Batiste to Fifth Amendment motion to suppress).

Nor is it reasonable to object that a defendant will have less information that the government, and so should not be required to provide proof to support a motion. Batiste, 868 F.2d at 1092. At least

in the context of motions to suppress statements, which require police misconduct incurred by defendant while in custody, defendant certainly should be able to provide the facts supporting the claim of misconduct infringing on his voluntariness.

Defendant cannot claim that 18 U.S.C. § 3501 requires an evidentiary hearing in every case is of no merit. Section 3501 requires only that the Court make a pretrial determination of voluntariness "out of the presence of the jury." Nothing in section 3501 betrays any Congressional intent to alter the longstanding rule vesting the form of proof on matters for the court in the discretion of the court. Batiste, 868 F.2d at 1092 ("Whether an evidentiary hearing is appropriate rests in the reasoned discretion of the district court.") (citation and quotation marks omitted).

The Ninth Circuit has expressly stated that a government proffer based on the statement of facts attached to the complaint is alone adequate to defeat a motion to suppress where the defense fails to adduce specific and material facts. Batiste, 868 F.2d at 1092. As the Defendant in this case has failed to provide a declaration alleging specific and material facts, the Court would be within its discretion to deny Defendant's motion based solely on the statement of facts attached to the complaint in this case, without any further showing by the Government.

In this case, the Government has attached to this motion (a) the statement of facts that accompanied the complaint, and (b) the Report of Investigation of an agent who was present during Defendant's advisement of rights and. See Exhibits A and B to this motion. These documents, though hearsay, may be considered by the Court in making pretrial rulings, Fed. R. Evid. 1101, and suffice to show at this stage that there is no legitimate issue as to Defendant's voluntariness of his statement.

### E. DEFENDANT'S REQUEST FOR *DAUBERT* HEARINGS SHOULD BE DENIED

The district court sholuld deny Defendant's motion to require a Daubert hearing on fingerprint evidence. The federal rules provide that if specialized knowledge will assist the trier-of-fact in understanding the evidence or determining a fact in issue, a qualified expert witness may provide opinion testimony on the issue in question. Fed. R. Evid. 702. As noted above, determining whether expert testimony would assist the trier-of-fact in understanding the facts at issue is within the sound discretion of the trial judge. United States v. Alonso, 48 F.3d 1536, 1539 (9th Cir. 1995); United States

v. Lennick, 18 F.3d 814, 821 (9th Cir. 1994).

No Daubert hearing is required. Such a hearing is not required in every case, particularly when the type of evidence proffered relates to an area frequently dealt with by the court. United States v. Alatorre, 222 F.3d 1098, 1100 (9th Cir. 2000) ("In light of the Supreme Court's emphasis on the broad discretion granted to trial courts in assessing the relevance and reliability of expert testimony, and in the absence of any authority mandating such a hearing, we conclude that trial courts are not compelled to conduct pretrial hearings in order to discharge the gatekeeping function"); Kumho Tire, 526 U.S. at 141-142 ("the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination.") (Emphasis added). In fact, "[i]f a separate hearing were a prerequisite to admission of expert testimony, then the reference to avoiding 'unnecessary "reliability" proceedings in ordinary cases where the reliability of an expert's methods is properly taken for granted,' makes no sense." Alatorre, 222 F.3d 1102 (citing Kumho Tire, 526 U.S. at 152).

The type of evidence at issue here, fingerprint testimony, constitutes the exact type of evidence where the reliability of an expert's methods could, even though it was not in this case, be "properly taken for granted." identification and comparison remains one of the most traditional and well-accepted areas for expert testimony. Fingerprint comparisons are widely accepted and thus no Daubert hearing is necessary. United States v. Sherwood, 98 F.3d 402, 408 (9th Cir.1996). Requiring courts to conduct Daubert hearings whenever defendants object to fingerprint evidence is a particularly onerous interpretation of their "gatekeeping" function under Daubert and incorrectly assumes that courts cannot take judicial notice of the general acceptance of fingerprinting analysis. To the extent Defendant questions the validity of the fingerprint comparison, this is a question of weight and credibility that properly should be decided by a jury. Kennedy v. Collagen Corporation, 161 F.3d 1226, 1230-31 (9th Cir.1998), cert. denied, 119 S.Ct. 1577 (1999) (noting that faults in an expert's use of a specific methodology go to the weight, not admissibility of the testimony).

Defendant also requests a hearing with respect to admission of testimony regarding the A-File, and this request should also be denied. With respect to "expert" testimony from the A-File custodian, the Government expects him to testify regarding Defendant's A-file and provide context and meaning

to them at trial. He will merely testify about standard record keeping and administrative procedures of Immigration authorities. An adequate foundation will be established for his testimony at trial. Further, the Ninth Circuit has previously held that many observations, even by law enforcement personnel, which are common enough yet still require a limited amount of expertise, can properly be characterized as lay witness opinion. United States v. Von Willie, 59 F.2d 922, 929 (9th Cir. 995). Accordingly, this Court should allow testimony regarding the standardized procedures employed in immigration proceedings and immigration record keeping. This testimony will be presented by someone with direct experience and knowledge of these procedures and is admissible.

**IV**

**CONCLUSION**

The Government respectfully requests that the Court deny Defendant's motions for the reasons stated above.

DATED: March 24, 2008

Respectfully submitted,
KAREN P. HEWITT
United States Attorney

STEVEN DE SALVO
Assistant U.S. Attorney

UNTIED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>GUADENCIO CAYETANO-CAMACHO,<br>Defendant. | Criminal Case No. 07CR3267-JLS<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED that:

I, Steven De Salvo, am a citizen of the United States over the age of 18 years and a resident of San Diego County, California; my business address is 880 Front Street, Room 6293 San Diego, California 92101-8800; I am not a party to the above-entitled action, I filed **UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS** by filing it through the ECF system and causing notification to defense counsel by email to the following:

**Hanni Fakhoury**
**225 Broadway, Suite 900**
**San Diego, CA 92101**
**HANNI_FAKHOURY@FD.ORG**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 24, 2008

/s/ Steven De Salvo
Steven De Salvo