KAREN P. HEWITT
United States Attorney
STEVEN DE SALVO
Assistant U.S. Attorney
California State Bar No. 199904
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7032

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GUADENCIO CAYETANO-CAMACHO,<br><br>Defendant. | Criminal Case No. 07CR3267-JLS<br><br>DATE: March 21, 2008<br>TIME: 1:30 p.m.<br>Honorable Janis L. Sammartino<br><br>GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS INDICTMENT DUE TO IMPROPER GRAND JURY INSTRUCTIONS<br><br>TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Steven De Salvo, Assistant U.S. Attorney, and hereby files its Response and Opposition to the Defendant's Motion to Dismiss Indictment Due to Improper Grand Jury Instructions in the above-referenced case. Said motions are based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

**STATEMENT OF THE CASE**

Defendant Guadencio Cayetano-Camacho ("Defendant") was indicted by a grand jury on December 4, 2007, and charged with being a deported alien found in the United States in violation of 8 U.S.C. § 1326. The Indictment includes a special allegation that Defendant was deported, removed,

and excluded after March 28, 2007.

II

**STATEMENT OF FACTS**

On November 18, 2007, Guadencio Cayetano-Camacho ("Defendant") was apprehended approximately 2 miles north of the International Border with Mexico, approximately 7 miles west of the Tecate Port of Entry. He was one of four persons observed by a Border Patrol Agent walking northward through Marron Valley, near the Bee/Cottonwood Canyon split. Defendant admitted to being a citizen of Mexico who was illegally present in the United States. After Defendant's fingerprints were taken and examined, it was determined that Defendant was, in fact, not a United States citizen and that he had previously been deported to Mexico on July 13, 2007, through San Ysidro. Prior to his deportation, Defendant was convicted on March 28, 2007, of Lewd and Lascivious Act with a Child Under 14, in violation of California Penal Code Section 288(a), for which he was sentenced to one year in prison.

III

**POINTS AND AUTHORITIES**

**DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED BECAUSE THE GRAND JURY INSTRUCTIONS WERE PROPER**

Defendant makes contentions relating to two separate instructions given to the grand jury during its impanelment by District Judge Larry A. Burns on January 11, 2007. Memorandum of Points and Authorities, at 4-10 (hereinafter "Memorandum"). Although recognizing that the Ninth Circuit in United States v. Navarro-Vargas, 408 F.3d 1184 (9th Cir. 2005) (en banc) generally found the two grand jury instructions constitutional, Defendant here contends Judge Burns went beyond the text of the approved instructions, and by so doing rendered them improper to the point that the indictment should be dismissed. Defendant's argument is wholly without merit.

**1. Judge Burns Properly Instructed the Grand Jurors That They Should Not Concern Themselves With "The Wisdom of the Criminal Laws" and Properly Instructed Them That They "Should" Return An Indictment if Probable Causes Existed**

In his instructions to the grand jurors, Judge Burns told the jurors that they could not judge the wisdom of the criminal laws, stating:

> You understood from the questions and answers that a couple of people

> were excused, I think three in this case, because they could not adhere to the principle that I'm about to tell you.
>
> But it's not for you to judge the wisdom of the criminal laws enacted by congress; that is, whether or not there should be a federal law or should not be a federal law designating certain activity is criminal is not up to you. That's a judgment that congress makes.
>
> And if you disagree with the judgment made by congress, then your option is not to say "Well I'm going to vote against indicting even though I think that the evidence is sufficient" or "I'm going to vote in favor of even though the evidence may be insufficient." Instead, your obligation is to contact your congressman or advocate for a change in the laws, but not to bring your personal definition of what the law ought to be and try to impose that through applying it in a grand jury setting.

Partial Transcript at 8-9.

Judge Burns' instruction was proper. In Navarro-VargasII, the Ninth Circuit upheld grand jury instructions forbidding grand jurors from judging the wisdom of the criminal laws. The Ninth Circuit stated: "If a grand jury can sit in judgment of wisdom of the policy behind a law, then the power to return a no bill in such cases is the clearest form of 'jury nullification.' Furthermore, the grand jury has few tools for informing itself of the policy or legal justification for the law; it receives no briefs or arguments from the parties. The grand jury has little but its own visceral reaction on which to judge the 'wisdom of the law.'" 408 F.3d at 1203.

Defendant, however, claims that Judge Burns' instructions impermissibly precluded the grand juror's "perogative not to indict" even if the evidence establishes probable cause that the person has committed a crime. Memorandum at 6. Contrary to Defendant's claim, Judge Burns' instruction did not pressure the grand jurors to give up their discretion not to return an indictment. Judge Burns' words cannot be parsed to say that they flatly bars the grand jury from declining to indict because the grand jurors disagree with a proposed prosecution. That aspect of a grand jury's discretionary power (i.e. disagreement with the prosecution) was dealt with in Navarro-Vargas in its discussion of another instruction not at issue here. 408 F.3d at 1204-06 ("'Should' Indict if Probable Cause Is Found"). This other instruction bestows discretion on the grand jury not to indict. In finding this instruction constitutional, the court stated in words that ring true here, "It is the grand jury's position in the constitutional scheme that gives it its independence, not any instructions that a court might offer." 408 F.3d at 1206. While the new grand jurors were told by Judge Burns that they could not question the

wisdom of the criminal laws per Navarro-Vargas, they were also told by Judge Burns they had the discretion not to return an indictment per Navarro-Vargas. See Merced v. McGrath, 426 F.3d 1076, 1079-80 (9th Cir. 2005). Thus, there was no error requiring dismissal of this indictment or any other indictment by this Court exercising its supervisory powers.

Finally, should be "reluctant to invoke the judicial supervisory power as a basis for prescribing modes of grand jury procedure." United States v. Williams, 504 U.S. 36, 50 (1992). Moreover, a court should not exercise this power absent a showing that the defendant is "actually prejudiced by the misconduct." United States v. Isgro, 974 F.2d 1091, 1094 (9th Cir. 1992). Even if there was error, Defendant has proffered no facts supporting a claim of actual prejudice in this case. Accordingly, his argument should be dismissed on that basis alone. "Absent such prejudice – that is, absent 'grave' doubt that the decision to indict was free from the substantial influence of [the misconduct]' – a dismissal is not warranted." Id.

**2. Judge Burns' Statement That Prosecutors Are "Duty-Bound" to Present Exculpatory Evidence Did Not Improperly Infer That No Exculpatory Evidence Exists Where the Prosecutor Presents No Exculpatory Evidence**

Defendant also argues that because Judge Burns instructed the grand jurors that Assistant U.S. Attorneys were "duty-bound" to present exculpatory evidence, see Partial Transcript at 20, he gave the impression that no exculpatory evidence exists when the prosecutor does not present such evidence. This argument is without merit and is inconsistent with the holding in United States v. Williams, 504 U.S. 36, 50 (1992), which held that federal courts do not have supervisory authority to require prosecutors to disclose exculpatory evidence.

The fact that Judge Burns' statement contradicts Williams, but is in line with self-imposed guidelines for United States Attorneys, does not create the constitutional crisis proposed by Defendant, for two reasons. First, no improper inference was created when Judge Burns reiterated what he knew to be a self-imposed duty on federal prosecutors. Simply stated, in the vast majority of the cases the reason the prosecutor does not present "substantial" exculpatory evidence, is because no "substantial" exculpatory evidence exists. If it does exist, the evidence, as mandated by U.S. Attorney policy, should be presented to the grand jury by the Assistant U.S. Attorney upon pain of possibly having his or her career destroyed by an Office of Professional Responsibility investigation. Even if there is some

nefarious slant to the grand jury proceedings when the prosecutor does not present any "substantial" exculpatory evidence, because there is none, the negative inference created thereby in the minds of the grand jurors is legitimate. In cases such as Defendant's, the Government has no "substantial" exculpatory evidence generated from its investigation or from submissions tendered by the defendant. There is nothing wrong in this scenario with a grand juror inferring from this state-of-affairs that there is no "substantial" exculpatory evidence.

Second, just as the instruction language regarding the United States Attorney attacked in Navarro-Vargas was found to be "unnecessary language [which] does not violate the Constitution," 408 F.3d at 1207, so too the "duty-bound" statement was unnecessary when charging the grand jury concerning its relationship with the United States Attorney and her Assistant U.S. Attorneys, and does not violate the Constitution. In United States v. Isgro, 974 F.2d 1091 (9th Cir. 1992) the Ninth Circuit while reviewing Williams established that there is nothing in the Constitution which requires a prosecutor to give the person under investigation the right to present anything to the grand jury (including his or her testimony or other exculpatory evidence), and the absence of that information does not require dismissal of the indictment. 974 F.2d at 1096 ("Williams clearly rejects the idea that there exists a right to such 'fair' or 'objective' grand jury deliberations."). Thus, while the "duty-bound" statement was an interesting tidbit of information, it was unnecessary in terms of advising the grand jurors of their rights and responsibilities in their deliberations, and does not cast an unconstitutional pall upon the instructions which requires dismissal of the indictment in this case. Judge Burns repeatedly "remind[ed] the grand jury that it stands between the government and the accused and is independent," which was required by Navarro-Vargas. 408 F.3d at 1207. In this context the unnecessary "duty-bound" statement does not mean that "'structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair, allowing the presumption of prejudice' to the defendant," and "[the] defendant can[not] show a history of prosecutorial misconduct that is so systematic and pervasive that it affects the fundamental fairness of the proceeding or if the independence of the grand jury is substantially infringed." Isgro, 974 F.2d at 1094 (Citation omitted). Therefore, this indictment need not be dismissed.

//

## IV

## CONCLUSION

The Government respectfully requests that the Court deny Defendant's motion for the reasons stated above.

DATED: March 24, 2008

Respectfully submitted,
KAREN P. HEWITT
United States Attorney

STEVEN DE SALVO
Assistant U.S. Attorney

UNTIED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>GUADENCIO CAYETANO-CAMACHO,<br>Defendant. | ) | Criminal Case No. 07CR3267-JLS<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED that:

I, Steven De Salvo, am a citizen of the United States over the age of 18 years and a resident of San Diego County, California; my business address is 880 Front Street, Room 6293 San Diego, California 92101-8800; I am not a party to the above-entitled action, I filed **UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION** by filing it through the ECF system and causing notification to defense counsel by email to the following:

**Hanni Fakhoury**
**225 Broadway, Suite 900**
**San Diego, CA 92101**
**HANNI_FAKHOURY@FD.ORG**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 24, 2008

/s/ Steven De Salvo
Steven De Salvo