**HANNI M. FAKHOURY**
California Bar No. 252629
**CANDIS MITCHELL**
California Bar No. 242797
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
Email: Hanni_Fakhoury@fd.org

Attorneys for Mr. Cayetano-Camacho

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JANIS L. SAMMARTINO)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>**GUADENCIO CAYETANO-CAMACHO**,<br>Defendant. | ) | CASE NO.: 07CR3267-JLS<br>DATE: April 24, 2008<br>TIME: 10:00 a.m.<br>**DEFENDANT'S PROPOSED JURY INSTRUCTIONS** |

**TO: KAREN P. HEWITT, UNITED STATES ATTORNEY, AND STEVEN D. DE SALVO, ASSISTANT UNITED STATES ATTORNEY:**

GUADENCIO CAYETANO-CAMACHO, by and through his counsel, Hanni M. Fakhoury, Candis L. Mitchell and Federal Defenders of San Diego, Inc., and pursuant to Fed. R. Crim. P. 30, requests that the Court instruct the jury on the law as set forth herein. Mr. Cayetano-Camacho also requests leave to offer further jury instructions as may become relevant during the course of the trial.

Respectfully submitted,

Dated: April 9, 2008

*s/ Hanni M. Fakhoury*
**HANNI M. FAKHOURY**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Cayetano-Camacho

**DEFENDANT'S PROPOSED INSTRUCTIONS FROM THE 9TH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS CRIMINAL (2003)**

| Instruction Number | Title |
|---|---|
| 1.1 | Duty Of Jury |
| 1.3 | What Is Evidence |
| 1.4 | What Is Not Evidence |
| 1.5 | Evidence For Limited Purpose |
| 1.7 | Ruling On Objections |
| 1.8 | Credibility Of Witnesses |
| 1.9 | Conduct Of The Jury |
| 1.10 | No Transcript Available To Jury |
| 1.11 | Taking Notes |
| 1.12 | Outline Of Trial |
| 1.13 | Jury To Be Guided By Official English Translation/Interpretation |
| 2.4 | Stipulations Of Fact (If Applicable) |
| 2.9 | Foreign Language Testimony (If Applicable) |
| 2.10 | Other Crimes, Wrongs Or Acts Of Defendant (If Applicable) |
| 3.3 | Defendant's Decision Not To Testify (If Applicable) |
| 3.4 | Defendant's Decision To Testify (If Applicable) |
| 3.6 | What Is Evidence |
| 3.7 | What Is Not Evidence |
| 3.9 | Credibility of Witnesses |
| 3.10 | Evidence Of Other Acts Of Defendant Or Acts And Statements Of Others |
| 3.11 | Activities Not Charged |
| 3.20 | Jury To Be Guided By Official English Translation/Interpretation |
| 4.3 | Other Crimes, Wrongs Or Acts Of Defendant (If Applicable) |
| 4.6 | Impeachment, Prior Conviction Of Defendant (If Applicable) |
| 4.14 | Eyewitness Identification |
| 7.1 | Duty To Deliberate |
| 7.2 | Consideration Of Evidence |
| 7.3 | Use Of Notes |
| 7.5 | Verdict Form |
| 7.6 | Communication With Court |

**COURT'S INSTRUCTION NO. _______**

**DEFENDANT'S PROPOSED INSTRUCTION NO. __1__**

This is a criminal case brought by the United States government. The government charges Mr. Cayetano-Camacho with being a deported alien found in the United States. The charges against Mr. Cayetano-Camacho are contained in the indictment. The indictment is simply the description of the charges made by the government against the defendant; it is not evidence of anything.

I instruct you that you must presume Mr. Cayetano-Camacho to be innocent of the crime charged. Thus Mr. Cayetano-Camacho, although accused of a crime in the indictment, begins the trial with a “clean slate”—with no evidence against him. The indictment, as you already know, is not evidence of any kind. Mr. Cayetano-Camacho is, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant. The presumption of innocence alone, therefore, is sufficient to acquit Mr. Cayetano-Camacho .

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. Mr. Cayetano-Camacho is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. You may consider the evidence or the lack of evidence in determining whether there is a reasonable doubt.

//

//

//

//

Unless the government proves, beyond a reasonable doubt, that Mr. Cayetano-Camacho has committed each and every element of the offense charged in the indictment, you must find Mr. Cayetano-Camacho not guilty of the offense. If the jury views the evidence in the case as reasonably permitting either of two conclusions—one of innocence, the other of guilt—the jury must, of course, adopt the conclusion of innocence.

Authority

Ninth Cir. Model Jury Instr. 1.2 (2003 Ed.) (Modified), O'Malley, et al., Federal Jury Practice and Instruction - Criminal § 12.10: Presumption of innocence, burden of proof, and reasonable doubt (5th Ed.) (modified with one paragraph borrowed from Devitt and Blackmar, 3d Ed., § 11.14)

GIVEN __________

GIVEN AS MODIFIED __________

REFUSED __________

**COURT'S INSTRUCTION NO. _______**

**DEFENDANT'S PROPOSED INSTRUCTION NO. __2__**

Mr. Cayetano-Camacho is charged in the indictment with being an alien who, after deportation, was found in the United States in violation of Section 1326(a) of Title 8 of the United States Code. In order for Mr. Cayetano-Camacho to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Mr. Cayetano-Camacho was deported from the United States;

Second, after deportation Mr. Cayetano-Camacho voluntarily entered the United States;

Third, when Mr. Cayetano-Camacho entered he knew he was entering the United States;

Fourth, Mr. Cayetano-Camacho was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States, and

Fifth, Mr. Cayetano-Camacho was an alien at the time of his entry into the United States.

An alien is a person who is not a natural-born or naturalized citizen or national of the United States.

It is not sufficient for the Government to prove that Mr. Cayetano-Camacho was merely "found in" the United States on the date alleged; it must also prove that Mr. Cayetano-Camacho committed an intentional act, that is, that he voluntarily entered or remained in the United States.

Authority

Ninth Cir. Model Jury Instr. 9.5B (Approved 1/2007) (Modified); United States v. Salazar-Gonzalez, 445 F.3d 1208, 1212 (9th Cir. 2006) (holding 8 U.S.C. § 1326 conviction for "found in" offense requires government to prove beyond a reasonable doubt that defendant entered voluntarily and had knowledge that he was committing the underlying act that made his conduct illegal–entering or remaining in the United States);

GIVEN __________

GIVEN AS MODIFIED __________

REFUSED __________

**COURT'S INSTRUCTION NO. _______**

**DEFENDANT'S PROPOSED INSTRUCTION NO. __3__**

You have heard the testimony of a law enforcement official. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness. It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

Authority

1 L. Sand, et al., Modern Federal Jury Instructions (2001), § 7-16; Bush v. United States, 375 F.2d 602 (D.C. Cir. 1967); United States v. Masino, 275 F.2d 129 (2d Cir. 1960).

GIVEN ______

GIVEN AS MODIFIED_______

REFUSED_______

**COURT'S INSTRUCTION NO. _______**

**DEFENDANT'S PROPOSED INSTRUCTION NO. __4__**

Before you may rely on circumstantial evidence to conclude that a fact necessary to find the defendant guilty has been proved, you must be convinced that the People have proved each fact essential to that conclusion beyond a reasonable doubt.

Also, before you may rely on circumstantial evidence to find the defendant guilty, you must be convinced that the only reasonable conclusion supported by the circumstantial evidence is that the defendant is guilty. If you can draw two or more reasonable conclusions from the circumstantial evidence, and one of those reasonable conclusions points to Mr. Cayetano-Camacho's innocence and another to guilt, you must accept the one that points to innocence. However, when considering circumstantial evidence, you must accept only reasonable conclusions and reject any that are unreasonable.

Authority

Judicial Council of California Criminal Jury Instructions (CALCRIM) 224 - Circumstantial Evidence: Sufficiency of Evidence (2007)

GIVEN ______

GIVEN AS MODIFIED_______

REFUSED_______