KAREN P. HEWITT
United States Attorney
STEVEN DE SALVO
Assistant U.S. Attorney
California State Bar No. 199904
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7032

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. GUADENCIO CAYETANO-CAMACHO, Defendant. | ) | Criminal Case No. 07CR3267-JLS<br><br>DATE: May 15, 2008<br>TIME: 1:30 p.m.<br>Honorable Janis L. Sammartino<br><br>GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANTS SUPPLEMENTAL MOTION TO DISMISS INDICTMENT BECAUSE IT RELIES ON INVALID DEPORTATION<br><br>TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Steven De Salvo, Assistant U.S. Attorney, and hereby files its Response and Opposition to the Defendant's Supplemental Motion to Dismiss Indictment in the above-referenced case. Said motions are based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

**STATEMENT OF THE CASE**

Defendant Guadencio Cayetano-Camacho ("Defendant") was indicted by a grand jury on December 4, 2007, and charged with being a deported alien found in the United States in violation of 8 U.S.C. § 1326. The Indictment includes a special allegation that Defendant was deported, removed,

and excluded after March 28, 2007.

## II

## STATEMENT OF FACTS

On November 18, 2007, Guadencio Cayetano-Camacho ("Defendant") was apprehended approximately 2 miles north of the International Border with Mexico, approximately 7 miles west of the Tecate Port of Entry. He was one of four persons observed by a Border Patrol Agent walking northward through Marron Valley, near the Bee/Cottonwood Canyon split. Defendant admitted to being a citizen of Mexico who was illegally present in the United States. After Defendant's fingerprints were taken and examined, it was determined that Defendant was, in fact, not a United States citizen and that he had previously been deported to Mexico on July 13, 2007, through San Ysidro. Prior to his deportation, Defendant was convicted on March 28, 2007, of Lewd and Lascivious Act with a Child Under 14, in violation of California Penal Code Section 288(a), for which he was sentenced to one year in prison.

## III

## POINTS AND AUTHORITIES

### A. DEFENDANT HAS FAILED TO ESTABLISH THAT HIS 2007 DEPORTATION IS INVALID, BECAUSE HE CANNOT ESTABLISH A VIOLATION OF DUE PROCESS OR PREJUDICE

Defendant reiterates an argument that he previously raised, and that this court rejected without prejudice: that his 2007 deportation is invalid because, in his view, the Immigration Judge misinformed him that he was ineligible for voluntary departure. See Defendant's Supplemental Motion ("Supp. Motion"), at 4. Defendant provides no evidence, such as a transcript or tape of the hearing, to support his claim that the Immigration Judge so advised him.

Defendant's motion is a collateral attack on his deportation. A defendant cannot collaterally attack the validity of his deportation unless he satisfies a three-part test: (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair. Defendant argues that he is exempt from the exhaustion requirement because, although he waived his right to appeal, his waiver did not comport with due process, because it was based on the Immigration Judge's misadvisement regarding

voluntary departure. Again, this argument depends on a claim unsupported by any documentary evidence or declaration. Moreover, even if Defendant can show that he is exempt from the exhaustion requirement and was denied an opportunity to seek judicial review, Defendant cannot satisfy the third prong of 8 U.S.C. § 1326(d): that the entry of the deportation order was fundamentally unfair.

The third prong of three-part test is critical here. A deportation order is "fundamentally unfair" if Defendant establishes (a) the defendant's due process rights were violated by a defect in the deportation proceeding, and (b) he suffered prejudice as a result. United States v. Ubaldo-Figueroa, 364 F.3d 1042, 1048 (9th Cir. 2004). As explained below, Defendant cannot establish a violation of due process, nor can he establish prejudice. Accordingly, his collateral attack on the deportation should be denied.

First, Defendant cannot establish a violation of due process, because he cannot rely on the possibility of a discretionary grant of relief to claim violation of a right. Voluntary departure rests solely in the discretion of the immigration judge. Matter of Gamboa, 14 I&N Dec. 244 (BIA 1972). As such, Defendant cannot establish that the deprivation of discretionary relief violates due process, because such relief does not involve a protected liberty or property interest. Tovar-Landin v. Ashcroft, 361 F.3d 1164, 1167 (9th Cir. 2004) (alien's due process claim rejected because there is no constitutionally protected liberty interest in the discretionary privilege of voluntary departure); Bazauaye v. INS, 79 F.3d 118(9th Cir. 1996) (same).

Second, Defendant cannot establish prejudice. To show prejudice, the alien must demonstrate that he had "plausible grounds for relief from deportation." United States v. Arce-Hernandez, 163 F.3d 559, 563 (9th Cir. 1998). It is not enough to show that a procedural requirement was not complied with, or that an alien would have availed himself of missing procedural protections; the alien must "produce some concrete evidence indicating that the violation of a procedural protection actually had the potential for affecting the outcome of his or her deportation proceedings." United States v. Cerda-Pena, 799 F.2d 1374, 1379 (9th Cir. 1986); United States v. Alvarado-Delgado, 98 F.3d 492, 493 (9th Cir. 1996).

Defendant cannot establish prejudice in this case – that is, that the outcome would have been any different. The reason is because he is an aggravated felon – and aggravated felons are not eligible for voluntary departure. Defendant was convicted on March 28, 2007 of Lewd and Lascivious Acts with

A Child Under 14, in violation of California Penal Code § 288(a) – which is categorically an aggravated felony. See United States v. Baron-Medina, 187 F.3d 1144 (9th Cir. 1999). Accordingly, he cannot establish prejudice because, as an aggravated felon, he was not eligible for voluntary departure at his 2007 deportation proceeding. Under the plain language of Section 1229c(a)(1), which describes general conditions for voluntary departure, "The Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense under this subsection, in lieu of being subject to proceedings under Section 1229a of this title or prior to the completion of such proceedings, *if the alien is not deportable under section 1227(a)(2)(A)(iii)* . . . ." 8 U.S.C. § 1229c(a)(1). Section 1227(a)(2)(A)(iii) declares, "Any alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). ***Thus, under the law, an aggravated felon is not eligible for voluntary departure.*** Accordingly, Defendant has suffered no prejudice, because the Immigration Judge's advisement that he was ineligible for voluntary departure was, in fact, correct.

Defendant has not suffered any violation of his due process rights and has not suffered any prejudice in this case. The claim can be denied on those grounds alone. Nevertheless, on the issue of prejudice, Defendant raises three principal arguments, all lacking merit, in response: (1) that the bar against aggravated felons is inapplicable here because his 2007 Warrant of Removal was formally based on the fact that he was not properly admitted and the warrant never alleged that he was "deportable" as an aggravated felon; (2) that Penal Code § 288(a) is not an aggravated felony; (3) that even if Penal Code § 288(a) is an aggravated felony, the bar against aggravated felons does not apply to him because the bar applies only to aliens who were lawfully admitted to the United States. See Supp. Motion, at 3-14. The United States is confident that Defendant's claim is meritless because it implicates no due process rights. However, as explained below, Defendant's additional arguments are also entirely without merit.

**1. A Warrant of Removal Does Not Have to Allege Alien Is Deportable As Aggravated Felon In Order For The Bar to Voluntary Departure to Apply**

______Defendant claims that the bar against aggravated felons does not apply to him because it was not formally a basis for his deportation in 2007. However, there is no authority for Defendant's suggestion that a Warrant of Removal must expressly allege that he is "deportable" as an aggravated felon in order for that bar to voluntary departure to apply, and Defendant cites no such authority. In any event, this

argument merely begs the question regarding the lack of prejudice. For the purposes of this Court's analysis as to whether Defendant can establish prejudice, all that matters is that Defendant is an aggravated felon and, thus, under the express terms of Section 1229c(a)(1), he is *ineligible* for voluntary departure or any other discretionary relief. This is true even if the court assumes, for the sake of argument, that the court committed procedural errors. Thus, he cannot establish prejudice as a result of the immigration court's alleged procedural errors. Because he cannot establish prejudice, Defendant is barred from collaterally attacking the deportation order.

2. Penal Code § 288(A) Is Categorically An Aggravated Felony

The Ninth Circuit has also held that the statute under which Defendant was convicted – Cal. Penal Code § 288(a) – is an "aggravated felony" because it categorically falls under the definition in 8 U.S.C. § 1101(a)(43)(a) for "sexual abuse of a minor." United States v. Baron-Medina, 187 F.3d 1144, 1147 (9th Cir. 1999). Cf. United States v. Medina-Maella, 351 F.3d 944, 947 (9th Cir. 2003) (a "prior conviction under Cal. Penal Code § 288(a) for lewd or lascivious acts upon a child constitutes 'sexual abuse of a minor,' and is therefore a 'crime of violence' for purposes of USSG § 2L1.2(b)(1)(A)"). Because Defendant is an aggravated felony, he was not eligible for voluntary departure.

Defendant, however, disputes whether a conviction under Penal Code § 288(a) is an aggravated felony. He contends that Baron-Medina did not apply a categorical analysis under Taylor v. United States, 495 U.S. 575 (1990), but merely concluded that Section 288(a) was "per se" a "crime of violence." Defendant's contention is plainly not supported by even a cursory reading of Baron-Medina. Baron-Medina expressly stated that its decision of whether Section 288(a) was "sexual abuse of a minor" was being made "categorically." Baron-Medina, 187 F.3d 1146. Indeed, the court never found it necessary to reach the issue of whether, alternatively, Section 288(a) was a "crime of violence," because the court only had to conclude that the offense was "sexual abuse of a minor" in order to determine that it was an aggravated felony. See id. At 1146 n.1. Plainly, Defendant is an aggravated felon who is ineligible for voluntary departure.

3. The Bar Against Aggravated Felons Applies to Aliens Not Lawfully Admitted

Defendant argues that because he had never been lawfully admitted to the United States he therefore could not have committed an aggravated felony after admission. Because he was not inspected

or authorized to enter the United States, therefore, he did not fall under § 1229c(a)'s provision disqualifying "any alien who is convicted of an aggravated felony at any time after admission." 8 U.S.C. § 1227(a)(2)(A)(iii).

Defendant's interpretation of 8 U.S.C. § 1227(a)(2)(A)(iii) was rejected in an analogous case by this Court in United States v. Hernandez-Vermudez, 356 F.3d 1011 (9th Cir. 2004). In Hernandez-Vermudez, this Court considered whether an alien who entered the United States without inspection and who committed an aggravated felony, was to be treated as an alien who was "admitted" to United States. In that case, Hernandez-Vermudez illegally entered the United States, committed two felonies and was imprisoned for two years. At the conclusion of his prison sentence he was administratively removed from the United States under 8 U.S.C. § 1228(b). After his removal, Hernandez-Vermudez illegally re-entered the United States and was charged with being an illegal alien found in the United States in violation of 8 U.S.C. § 1326. Hernandez-Vermudez moved to dismiss the indictment on the ground that his removal was invalid because federal law authorizes administrative removal only in the case of an alien who was "admitted" to this country, not in the case of an alien who illegally entered the country. The district court agreed and dismissed the indictment. Id. at 1012-13.

In overturning the dismissal, this Court evaluated whether the reference in 1228(b)(1) to 1227(a)(2)(A)(iii) (relating to conviction of an aggravated felony) limited expedited removal only to aggravated felon aliens who were "admitted." Id. at 1013. This Court rejected a reading of the statute that limited administrative removal of aggravated felon aliens to only those who were admitted and held that for purposes of an aggravated felon's administrative removal pursuant to 8 U.S.C. § 1228(b) Congress intended that an alien who enters this country without inspection and an alien "admitted" to the United States are to be treated alike. A similar reading should be applied in the context of 8 U.S.C. § 1229c(a). The interpretation as suggested by Defendant would lead to an illogical result. Those aliens who committed a crime by entering the United States would be afforded greater opportunities for relief from deportation than those who lawfully entered the country. Such an illogical result is not necessary and such a limitation should not be imposed in this case.

Defendant's reliance on United States v. Ortiz-Lopez, 385 F.3d 1205 n.3 does nothing to change this conclusion. Defendant states that this case has “embraced” his illogical interpretation, but that is

simply incorrect. Ortiz-Lopez only recognized that those convicted of aggravated felonies after lawful "admission" are barred from discretionary relief; the case never addresses the flip-side question of whether persons convicted of aggravated felonies after *unlawful* "admission" are similarly barred.

Moreover, Defendant's illogical reading of § 1229c(a) would be inconsistent with the controlling regulations. Under 8C.F.R. § 1240.26, aggravated felons who enter the United States without inspection are expressly not eligible for voluntary departure – which further confirms the conclusion that § 1229c(a) disqualifies Defendant from discretionary relief, such as voluntary departure. A government agency's regulations in the Code of Federal Regulations have the force and effect of law. Helliwell v. Haberman, 140 F.3d 833 (2d Cir. 1944); see also Chief Probation Officers of California v. Shalala, 118 F.3d 1327, 1333 n.6 (9th Cir. 1997) (assuming that C.F.R. regulation carry the force of law). Finally, Defendant's claim that the administrative regulation in 8 C.F.R. § 1240.26 is an unconstitutional delegation of Congressional power was rejected by the Ninth Circuit in United States v. Ramirez-Lopez, 251 Fed.Appx. 390, 2007 WL 3021703, at *1 (October 17, 2007) (unpublished decision; citation permitted under Ninth Circuit Rule 36-3). Under both the statute, § 1229c(a), and the agency's regulations, Defendant's status as an aggravated felon bars him from voluntary departure.

## IV

## CONCLUSION

The Government respectfully requests that the Court deny Defendant's motion for the reasons stated above.

DATED: May 10, 2008

Respectfully submitted,
KAREN P. HEWITT
United States Attorney

STEVEN DE SALVO
Assistant U.S. Attorney

UNTIED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>GUADENCIO CAYETANO-CAMACHO,<br>Defendant. | ) | Criminal Case No. 07CR3267-JLS<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED that:

I, Steven De Salvo, am a citizen of the United States over the age of 18 years and a resident of San Diego County, California; my business address is 880 Front Street, Room 6293 San Diego, California 92101-8800; I am not a party to the above-entitled action, I filed **UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S SUPPLEMNTAL MOTION TO DISMISS THE INDICTMENT** by filing it through the ECF system and causing notification to defense counsel by email to the following:

**Hanni Fakhoury**
**225 Broadway, Suite 900**
**San Diego, CA 92101**
**HANNI_FAKHOURY@FD.ORG**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 10, 2008

/s/ Steven De Salvo
Steven De Salvo