KAREN P. HEWITT
United States Attorney
STEVEN DE SALVO
Assistant U.S. Attorney
California State Bar No. 199904
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7032

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>GUADENCIO CAYETANO-CAMACHO,<br>Defendant. | Criminal Case No. 07CR3267-JLS<br><br>GOVERNMENT'S TRIAL MEMORANDUM<br><br>Date: May 19, 2008<br>Time: 9:00 a.m.<br>Judge: Hon. Janis L. Sammartino |

COMES NOW the plaintiff, United States of America, by and through its counsel, Karen P. Hewitt, United States Attorney, and Steven De Salvo, Assistant United States Attorney, and respectfully submits the following Trial Memorandum.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

# I

## STATEMENT OF THE CASE

### A. INDICTMENT

On December 6, 2007, Defendant was arraigned on a one-count Indictment charging Defendant with Deported Alien Found in the United States, in violation of Title 8, United States Code, Section 1326. Defendant entered a not guilty plea.

### B. TRIAL STATUS

Trial is scheduled for Monday, May 19, 2008, at 9:00 a.m. before the Honorable Janis L. Sammartino. The United States anticipates that its case-in-chief will last one day.

### C. STATUS OF COUNSEL

Defendant is represented by Hanni M. Fakhoury, Esq., of Federal Defenders of San Diego, Inc..

### D. CUSTODY STATUS

Defendant is in custody.

### E. INTERPRETER

The United States does not need an interpreter for its witnesses.

### F. JURY WAIVER

Defendant has not waived trial by jury.

### G. PRETRIAL MOTIONS

On December 17, 2007, Defendant filed motions to compel discovery and preserve evidence, and filed a motion to dismiss the indictment for failure to allege essential elements of the offense, and requested leave to file further motions. On December 20, 2008, the United States responded to these motions, and filed a motion for reciprocal discovery. On February 1, 2008, Defendant filed motions to dismiss the indictment on three grounds: (1) improper grand jury instructions, (2) the deportation was invalid, and (3) failure to allege a post-conviction date of removal. Defendant also filed a motion to suppress statements and requested a voluntariness hearing. Defendant also filed motion to conduct a Daubert hearing regarding A-File testimony and fingerprint evidence. On February 20, 2008, the United States filed its responses to these motions and requested a court order on fingerprint exemplars. On March 28, 2008, the Court denied all of Defendant's motions. At the hearing, the parties agreed that all

discovery from the United States had been provided to Defendant. Defendant on April 24, 2008 filed a motion to dismiss the indictment due to invalid deportation; on May 10, 2008, the United States filed its response in opposition. A hearing on the motion to dismiss has not yet been held.

At the next hearing, on May 15, 2008, at 1:30 p.m., the United States will request that fingerprint exemplars be taken of Defendant immediately.

**H. MOTIONS IN LIMINE**

The United States has filed motions *in limine* to: Exclude All Witnesses Except Case Agent, Exclude Evidence Why Defendant Re-Entered the United States, Exclude Evidence Regarding Prior Residency, Admit A-File Documents, Prohibit Reference to Punishment, Preclude Argument Regarding Warning, Prohibit Reference to Document Destruction, Prohibit Argument Regarding Duress and Necessity, Prohibit Collateral Attack of Prior Deportation, Admit 404(b) and 609 Evidence, and Admit Audiotape/DVD of Defendant's Post-Miranda Statement.

Defendant has filed motions *in limine* to: Preclude the Use of Deportation Documents at Trial to Prove Alienage; Preclude the Certificate of Non-Existence of Record; Preclude Any Evidence Under Federal Rules of Evidence 404(b) and 609; Preclude Expert Testimony; Preclude Admission of Documents Not Produced in Discovery; Exclude the Deportation Hearing Audiotape or Transcript; Preclude the A-File Custodian From Testifying About Immigration Proceedings; Exclude the A-File Custodian; Prohibit the Witnesses From Referring to Defendant as "The Alien"; Preclude Sending the Indictment into the Jury Room During Deliberations; Produce Grand Jury Transcripts; Allow Attorney Conducted Voir Dire; and Leave to File Additional Motions.

A hearing on the motions *in limine* is scheduled for May 15, 2008, at 1:30 p.m.

**I. STIPULATIONS**

The Government does not anticipate any stipulations in this case.

**J. DISCOVERY**

The United States has complied with its discovery obligations. Defendant has not provided reciprocal discovery.

//

//

## II

## CASE BACKGROUND

### A. STATEMENT OF THE FACTS

On November 18, 2007, Guadencio Cayetano-Camacho ("Defendant") was apprehended approximately 2 miles north of the International Border with Mexico, approximately 7 miles west of the Tecate Port of Entry. He was one of four persons observed by a Border Patrol Agent walking northward through Marron Valley, near the Bee/Cottonwood Canyon split. Defendant made field statements in which he admitted to being a citizen of Mexico who was illegally present in the United States. After Defendant's fingerprints were taken and examined, Border Patrol agents confirmed that Defendant is not a United States citizen and that he was deported to Mexico on July 13, 2007, through San Ysidro.

### B. DEFENDANT'S CRIMINAL AND IMMIGRATION HISTORY

Defendant was previously deported on July 13, 2007, following a hearing before an immigration judge on July 9, 2007. On March 28, 2007, Defendant was convicted of violation of Penal Code § 288(a), Lewd and Lascivious Acts With A Child Under 14, an aggravated felony. Defendant was sentenced to one year in prison, and he was deported after completing his sentence.

## III

## PERTINENT LAW

### A. § 1326, DEPORTED ALIEN FOUND IN THE UNITED STATES

The defendant is charged with being an alien who, after deportation, was found in the United States in violation of Section 1326(a) of Title 8 of the United States Code. In order for Defendant to be found guilty of that charge, the United States must prove each of the following elements beyond a reasonable doubt:

1. Defendant was deported from the United States;
2. After deportation, Defendant voluntarily entered the United States;
3. After Defendant entered the United States, he knew that he was in the United States and knowingly remained.
4. Defendant was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland

Security or of any representative of that department to reapply for admission into the United States; and

5. Defendant was an alien at the time of his entry into the United States.

An alien is a person who is not a natural-born or naturalized citizen [or a national] of the United States.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, §9.5B (West ed. 2003); United States v. Salazar-Gonzalez, 458 F.3d 851 (9th Cir. 2006).

## IV

## WITNESSES

The United States reserves the right to add, omit, substitute or change the order of witnesses. Presently, the United States intends to call the following witnesses during its case-in-chief:

1. Erick Cortez, Senior Border Patrol Agent
2. Antonio Hurtado, Senior Border Patrol Agent
3. Raymond Miller, Border Patrol Agent
4. Yvette Ortiz, Border Patrol Agent
5. Alexis Carroll, Senior Border Patrol Agent and A-File Custodian
6. Joel Maloles, Deportation Enforcement Officer
7. David Beers, Fingerprint Examiner (Expert)

## V

## EXHIBIT LIST

1. Aerial photos of area west of Tecate Port of Entry
2. Maps of area west of Tecate Port of Entry
3. Defendant's fingerprint exemplars

4. Notice to Appear (Form I-862)

5. Order of the Immigration Judge

6. Warrant of Removal/Deportation (Form I-205)

7. Warning to Alien Ordered Removed or Deported

8. Certificate of Non-Existence of Record

9. Audiotape Recording and Certified Transcript of Defendant's July 9, 2007 Deportation Hearing.

10. Fingerprint Card Taken of Defendant on November 18, 2007

11. Record of Deportable Alien (Form I-213), dated June 15, 1989

12. Record of Sworn Statement (Form I-263B), dated June 15, 1989

**VI**

**PROPOSED VOIR DIRE**

1. Of those of you who have sat on criminal juries, did any of those juries fail to reach a unanimous verdict?

2. Has anyone had an unpleasant experience with any law enforcement personnel?

3. Has anyone had any disputes with any agency of the United States Government?

4. Does anyone have relatives or close friends who have been investigated, arrested, accused or charged with a crime?

5. Does anyone have relatives or close friends who have been deported or removed?

6. Does anyone have strong feelings about U.S. Customs and Border Protection, U.S. Immigration and Customs Enforcement or any other federal agency involved in immigration issues?

7. Does anyone believe that immigration laws are too harsh?

8. Does anyone believe everyone should be allowed to enter the United States?

9. Does anyone believe that it should legal to enter the United States without authorization?

10. Does everyone understand that as a juror your duty is to apply the law regardless of whether you disagree with it?

11. Does everyone understand that the laws of the United States equally apply to everyone who enters the United States?

12. Does everyone understand that as a juror you are not to consider prejudice, pity or sympathy in deciding whether the Defendant is guilty or not guilty?

13. Does anyone think that, regardless of the strength of the evidence, he/she will have trouble deciding whether the Defendant is guilty or not guilty?

14. Does anyone think he/she cannot decide whether a person is guilty or not guilty?

15. Does anyone have religious or moral beliefs which will make it difficult for him/her to make a decision strictly based on the law and facts of this case?

**VII**

**<u>JURY INSTRUCTIONS</u>**

The United States will filed proposed jury instructions under separate cover. The United States reserves the right to submit additional instructions at the Fed. R. Crim. P. 30 conference.

//

//

//

Dated: May 14, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ Steven De Salvo
STEVEN DE SALVO
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | Criminal Case No. 07CR3267-JLS |
| v. | ) | CERTIFICATE OF SERVICE |
| GUADENCIO CAYETANO-CAMACHO, Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, STEVEN DE SALVO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of Government's Trial Memorandum to the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Hanni M. Fakhoury and Candis Mitchell
Federal Defenders
225 Broadway, Suite 900
San Diego, CA 92101
email: hanni_fakhoury@fd.org

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 14, 2008.

/s/ Steven De Salvo
STEVEN DE SALVO