KAREN P. HEWITT
United States Attorney
STEVEN DE SALVO
Assistant U.S. Attorney
California State Bar No. 199904
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7032

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GUADENCIO CAYETANO-CAMACHO,<br><br>Defendant. | Criminal Case No. 07CR3267-JLS<br><br>DATE: May 19, 2008<br>TIME: 9 a.m.<br>Honorable Janis L. Sammartino<br><br>GOVERNMENT'S SUPPLEMENTAL RESPONSE AND OPPOSITION TO DEFENDANTS MOTIONS IN LIMINE TO EXCLUDE “A-FILE” DOCUMENTS<br><br>TOGETHER WITH MEMORANDUM OF POINTS AND AUTHORITIES |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Steven De Salvo, Assistant U.S. Attorney, and hereby files its Supplemental Response and Opposition to the Defendant’s Motion in Limine to Exclude A-File Documents. In particular, the United States in this brief addresses the outstanding issue regarding the admissibility of two particular “A-File” documents: the Form I-213 Form (“Record of Deportable Alien”) and Form I-263B (“Record of Sworn Statement”).

## POINTS AND AUTHORITIES

### THE I-213 FORM AND THE I-263B FORMS ARE ADMISSIBLE UNDER THE PUBLIC RECORDS EXCEPTION TO THE HEARSAY RULE_

At a hearing on May 15, 2008, the Court took under submission the issue of whether the I-213 Form and the I-263B Forms are admissible under the public records exception to the hearsay rule. The United States bring to the court's attention the following published cases: United States v. Hernandez-Herrera, 273 F.3d 1213 (9th Cir. 2001); United States v. Contreras, 63 F.3d 852 (9th Cir. 1995); Cruz Espinoza v. INS, 45 F3d 308 (9th Cir. 1994);United States v. Mezas de Jesus, 217 F.3d 638, 640 n.6 (9th Cir. 2000); United States v. Hernandez-Rojas, 617 F.2d 533, 535 (9th Cir. 2000); and United States v. Orellana-Blanco, 294 F.3d 1143 (9th Cir. 2002)

Although there are no published cases directly on point with the issue before the court, the above published cases generally support the admission of this evidence. These cases establish that documents from an "A-file" are "public records" within the hearsay exception. Such documents, though colloquially "police reports" (i.e., a report from a police agency), are public records so long as they relate to route, objective matters relating to deportation and are recorded as part of a non-adversarial record keeping by the United States pursuant to immigration duties. These cases also establish that the documents in this case – because they were not prepared in anticipation of a criminal proceeding and were routinely prepared as part of the defendant's A-file in order to establish the facts of Defendant's admission of alienage – do not fall within the ambit of the "law enforcement" exclusion that typically applies to police reports. Therefore, the document qualify under the hearsay exception for public records.

In Hernandez and Contreras, the Ninth Circuit held that documents from an A-file, insofar as they are related to routine, objective matters relating to the *deportation* of a defendant, are admissible as public records. In Hernandez, the court stated: "We have held that *deportation documents are admissible to prove alienage* under the public records exception to the hearsay rule." Hernandez, 273 F.3d at 1217-18 (citing Contreras) (emphasis added). In Contreras, the Court admitted the warrant of deportation, form I-205, is admissible to prove an element of a 1326 violation. The court explained that information on an I-205 Form indicating that the alien was deported is a "routine, objective, indeed

mechanical recording of an unambiguous factual matter. *That* is why the I-205 form constitutes a public record for the purposes of the hearsay exception." Contreras, 63 F.3d at 857 (emphasis in original).

No published cases directly address the admission of an I-213 Form in the context of a criminal proceeding. However, in the context of an immigration appeal, the Ninth Circuit generally described the purpose of an I-213 Form: "The form, which border agents routinely complete after interviewing aliens, stated that Cruz Espinoza was from Mexico and had entered the United States in February 1989. . . . The Form I-213 is essentially a recorded recollection of an INS agent's conversation with the alien." Cruz Espinoza v. INS, 45 F.3d at, 309 & n.1. In that case – in an administrative immigration proceeding – the Ninth Circuit held that the I-213 Form qualified as a public record. Because it was an administrative proceeding, where hearsay rules are relaxed, and that finding is not binding or persuasive here in this criminal case. Nonetheless, the 9th Circuit clearly held that, generally speaking, I-213 Forms are routine recordings by immigration agents.

The conclusion that the I-213 Form in the present case was a routine recording of facts relating to deportation is further supported by the non-adversarial nature in which the recording took place: there was no criminal prosecution pending, or later initiated, by the United States when the recording was made in 1989. That fact is significant, in light of the legislative history of rule 808(8)(B) – which expressly removes from the ambit of the hearsay exception "in criminal cases mattes observed by police officers and other law enforcement personnel." The legislative history establishes that the rule was created to bar reports done in the anticipation of adversarial criminal proceedings:

> Because of their inherent unreliability, "[p]olice reports have generally been excluded [at criminal trials] except to the extent to which they incorporate firsthand observations of the officer." Fed. R. Evid. 803(8)(B) advisory committee's note. The rule's legislative history indicates that ... "the reason for this exclusion is that the observations by police officers at the scene of the crime or the apprehension of the defendant are not as reliable as observations by public officials in other cases because of the adversarial nature of the confrontation between police and the defendant in criminal cases." United States v. Orozco, 590 F.2d 789, 793 (9th Cir. 1979) (quoting S. Rep. No. 93-1277 (1974), *reprinted in,* 1974 U.S.C.C.A.N. 7051, 7064) (holding that this exclusion did not apply to records of routine non-adversarial matters).

United States v. Mezas de Jesus, 217 F.3d 638, 640 n.6 (9th Cir. 2000).

In United States v. Hernandez-Rojas, 617 F.2d 533, 535 (9th Cir. 2000), the Ninth Circuit explained that "[t]his court has looked to the purpose of the law enforcement exception in

determining the admissibility of a public record." The court explained that a warrant of deportation from the "A-File" was therefore admissible because

> the purpose behind the law enforcement exception to Rule 803(8)(B) is inapplicable to the notation on the warrant of deportation in the Government's Exhibit One. The notation that Hernandez was deported to Mexico was a ministerial, objective observation, which has inherent reliability because of the Government's need to keep accurate records of the movement of aliens. It has none of the features of the subjective report made by a law enforcement official in an on-the-scene investigation, which investigative reports lack sufficient guarantees of trustworthiness because they are made in an adversary setting and likely to be used in litigation. See id.; United States v. Stone, 604 F.2d 922 (5th Cir. 1979) (Rule 803(8) is designed to allow admission of official records prepared for purposes independent of litigation). The recordation of a routine matter such as the fact and date of Hernandez's deportation is plainly not of the adversarial nature that might "cloud the perception" of the law enforcement official. See Orozco, 590 F.2d at 793.

Hernandez, 617 F.2d at 535.

Accordingly, because the forms in this case were records not produced in anticipation of litigation, they were non-adversarial in nature. Cf. United States v. Orellana-Blanco, 294 F.3d 1143 (9th Cir. 2002). In Orellana-Blanco, the Court explained that sworn statements made to INS officials as part of application for citizenship were adversarial in nature, and accordingly excluded from hearsay exception, because the statements were made, in fact, for the purpose of a criminal prosecution. Significantly, unlike the situation here, the court noted that the notes of the interview took place at the "scene of the crime," and the officers notes were a "subjective recordation" of "the scene of the crime as it took place." Id. In contrast, as the 9th Circuit has held, the deportation documents at issue in this case are routinely made by agents as part of their deportation duties. Accordingly, they are admissible to prove alienage under the public records exception to the hearsay rule. The fact that they are being used 19 years later in a criminal case does not alter the original context and intent under which the records were made.

Furthermore, the documents are inherently reliable; when the reports were made, the defendant signed the forms in several places, and he was advised of his Miranda rights in both Spanish and English, and his waiver was also in both languages. Moreover, the forms are accompanied by a certification by the immigration agent attesting to the manner in which the alien was advised of his rights.

## CONCLUSION

For all of the above reasons, the Government respectfully requests that the Court deny admit the I-213 Form and I-263B Form at issue.

DATED: May 16, 2008

Respectfully submitted,
KAREN P. HEWITT
United States Attorney

STEVEN DE SALVO
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07CR3267-JLS |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| GUADENCIO CAYETANO-CAMACHO, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED that:

I, Steven De Salvo, am a citizen of the United States over the age of 18 years and a resident of San Diego County, California; my business address is 880 Front Street, Room 6293 San Diego, California 92101-8800; I am not a party to the above-entitled action, I filed UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S SUPPLEMNTAL MOTION TO DISMISS THE INDICTMENT by filing it through the ECF system and causing notification to defense counsel by email to the following:

Hanni Fakhoury
225 Broadway, Suite 900
San Diego, CA 92101
HANNI_FAKHOURY@FD.ORG

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 16, 2008

/s/ Steven De Salvo

Steven De Salvo_____